IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DERON McCOY,

                    Plaintiff,

          v.                          CASE NO.  12-3051-SAC

RANDY HENDERSON,
et al.,

                    Defendants.

MEMORANDUM AND ORDER

This civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Having reviewed the materials filed, the court finds several deficiencies.  Plaintiff is ordered to file an Amended Complaint, in which he cures the deficiencies discussed herein.


FILING FEE

At the outset the court notes Mr. McCoy has not paid the statutory district court filing fee of $350.00 for this civil rights complaint.  Nor has he submitted a motion for leave to proceed without prepayment of fees.  This action may not proceed until plaintiff satisfies the filing fee in one of these two ways.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund

account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The inmate is required to obtain these financial records from each institution and submit them to the court. If Mr. McCoy does not satisfy the filing fee prerequisite within the time allotted, this action may be dismissed without further notice. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a).

Mr. McCoy is forewarned under 28 U.S.C. § 1915(b)(1), a plaintiff granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full fee of $350.00 for each civil action that he files. Instead, being granted such leave merely entitles him to pay the filing fees he incurs over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1] Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. The court will make this determination after plaintiff provides the requisite financial information.

---

[1]      Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect for each case that plaintiff has filed twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the $350 filing fee has been paid in full for all his cases.

**COMPLAINT NOT ON FORMS**

The local rules of this court require that § 1983 complaints filed by prisoners pro se be submitted upon court-approved forms.  D.Kan.Rule 9.1(a).  Plaintiff is thus required to submit his complaint upon forms sent to him with this order.

Plaintiff has filed a Motion for Leave to File an Amended Complaint (Doc. 3).  He is entitled to amend his complaint once without leave of court, so the motion was unnecessary and is granted.  However, a plaintiff does not amend his complaint by simply filing a motion for leave to amend and setting forth in the motion "legal claims" he wants to add, as Mr. McCoy has done here.  Instead, in order to amend a complaint, the plaintiff must prepare a complete amended complaint, and attach this proposed amended complaint to the motion.  See Fed.R.Civ.P. Rule 15.  An amended complaint is not simply combined with the original complaint, but completely supercedes it, and therefore must name all parties and contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint.  Any claims, parties, allegations, or arguments not included in the amended complaint are no longer before the court.

Plaintiff is ordered to file a "First Amended Complaint" upon court-provided forms.  He should write "First Amended Complaint" and case number 12-3051 on the first page of the form complaint.

**ALLEGATIONS AND CLAIMS**

Plaintiff's complaints arose during his pretrial detention at the Reno County Jail, which began on March 22, 2011, and ended when he was transferred to the EDCF on March 6, 2012.  As the factual background for this complaint, plaintiff alleges as follows.  Upon admission to the jail, plaintiff noticed the cells were "very dirty," there was mold, no natural lighting, and "very little ventilation."  During the summer, he spent most of his time in a cell which had no fan and was extremely hot.  In the fall/winter his cell had no heating unit in it, became very cold, and inmates were told that maintenance was working on the problem.  The inmates in that cell took turns taking hot showers until the cell was a liveable temperature, which "took awhile."  Inmates in the jail are supplied only with shorts, a short-sleeved shirt, one blanket and one sheet.  The food provided was "inadequate by federal standards," and not always served hot.  There were "sewage issues" with toilets backing up, and certain drinking fountains were not used due to the bad smell and taste of their water.

On seven dates, plaintiff was "placed in segregation" without a disciplinary hearing and his phone, commissary, and visitation privileges were restricted "for weeks."

On three dates, "mail was placed in plaintiff's inmate property without notifying him in writing or verbally," and he only became aware by getting a printout of his mail log.

On February 17, 2012, plaintiff was denied medical treatment by Nurse Linda McMahan for "multiple cuts, scrapes, and bruises" and an "apparently broken or dislocated" finger sustained

4

when he was beaten by another inmate.  He was only given Ibuprofen, Tylenol and an ice pack.  He was then put in an isolation cell.

On October 13, 2011, plaintiff was placed on kosher meals per his request.  Dietician Debbie Gibson was confused, and plaintiff returned those meals that were not kosher or "kosherly served."  After he wrote a grievance, Larry Dyer took him "off kosher meals for the alleged purchasing of non-kosher food items" on November 2, 2011.

Plaintiff claims that he was subjected to unsafe conditions, cruel and unusual punishment, deliberate indifference to his medical needs, and that he was denied his rights to due process and the free exercise of his religion.  He asserts that his rights under the First, Eighth and Fourteenth Amendments were violated.  He seeks a preliminary and permanent injunction ordering defendants to immediately stop the violation of "any and all constitutional rights" of his and "any present or future inmates" at the jail; to provide inmates with adequate clothes, food, bedding, and an hour of recreation; to stop holding mail without proper procedure; and to provide disciplinary hearings before locking inmates in isolation.  He also seeks compensatory and punitive damages as well as costs.

## SCREENING

Because Mr. McCoy is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which

relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## PERSONAL PARTICIPATION OF ALL DEFENDANTS NOT ALLEGED

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. _Trujillo v. Williams_, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); _Mitchell v. Maynard_, 80 F.3d 1433, 1441 (10th Cir. 1996); _Olson v. Stotts_, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). It is well-established that a supervisor may not be held liable solely on the basis of his or her supervisory capacity for the acts of his subordinates. _Rizzo v. Goode_, 423 U.S. 362, 371 (1976); _Gagan v. Norton_, 35 F.3d 1473, 1476 fn. 4 (10th Cir. 1994), _cert_. _denied_, 513 U.S. 1183 (1995). Instead, to be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional violations. _Ashcroft v. Iqbal_, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009)(Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, and plaintiff must plead that each Government-official defendant, through the official's own

6

individual actions, has violated the Constitution.); <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1528 (10th Cir. 1988); <u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1162 (10th Cir. 2008)("the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff names as defendants 12 persons employed at the Reno County Jail. However, only three of those persons (Gibson, McMahan, and Dyer), are referred to in the body of the complaint with a description of the acts they took that allegedly violated plaintiff's constitutional rights. Plaintiff does not describe any acts taken by the other named defendants. Nor does he describe any unconstitutional policy or custom and allege it was established by the supervisory defendants. Plaintiff's general allegations that the defendants are "legally responsible for" the overall operation of the jail, the welfare of its inmates, and "are assigned" to the jail are not sufficient to allege the personal participation of defendants Henderson, Stewart, Beiard, Nuest, Bearg, McKuey, Carder, Hiedari or Scott in the acts upon which this complaint is based. Plaintiff must allege additional facts in his First Amended Complaint showing the personal participation of each defendant, and not just conclusory statements and "formulaic recitations." Otherwise, this action will be dismissed as against those defendants whose personal participation is not sufficiently alleged.

**FAILURE TO ALLEGE SUFFICIENT FACTS TO SUPPORT CLAIMS**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Moreover, to avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

### 1. <u>Conditions of Confinement</u>

The Eighth Amendment requires jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). This means that prison and jail officials have a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994)(quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-527 (1984)). However, the Eighth Amendment "does not mandate comfortable prisons." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). Furthermore, a jail official "may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer</u>, 511 U.S. at 837; <u>Lucero v. Mesa County Sheriff's Dep't</u>, 297 Fed.Appx. 765, 766 (10th Cir.

2008)(unpublished)[2](citing Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001)); Mitchell, 80 F.3d at 1442.  It has also been held that the alleged deliberate deprivation must cause the inmate objectively serious harm.  See Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996); Marsh v. Corrections Corp. of America, 134 F.3d 383, *2 (10th Cir. 1998)(unpublished)(upholding summary judgment where "plaintiff failed to present evidence establishing that she suffered a serious harm" from the alleged deprivation).

    Plaintiff's allegations regarding conditions at the jail are conclusory and as such fail to state a plausible claim under § 1983.  He does not provide the dates, duration or frequency of his exposure to any of the complained-of conditions.  Nor do his very general descriptions of conditions show that any was "sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities" or presented a "substantial risk" of harm to him.  While he complains of dirty cells, he does not allege that he was denied access to cleaning supplies.  He complains of temperatures generally being too cold or hot, but does not describe his exposure to any dangerous temperature inside or outside.  On the other hand, he exhibits a grievance response stating that the temperature in the jail was maintained at between 69 and 72 degrees.  Cf. Mitchell, 80 F.3d at 1442 (finding unconstitutional conditions of confinement where plaintiff was confined naked, provided no mattress or bedding when temperatures hovered in the

---

[2]     Unpublished opinions are not cited herein as binding precedent, but for persuasive value.  See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

mid-fifties).  Mr. Mccoy's own allegations indicate that he was provided clothing, a blanket, and hot showers, and that maintenance eventually solved a heating problem.  Plaintiff's allegations regarding food and the available menu indicate that meals were provided rather than that he was denied adequate amounts of food. Furthermore, plaintiff alleges no facts showing he was actually harmed by any of the challenged conditions.

Plaintiff must allege additional facts regarding the jail conditions that are sufficient to state a federal constitutional claim in his form complaint.  If he fails to allege such facts, these claims will be dismissed.

### 2. **Denial of Medical Care**

"[T]the Fourteenth Amendment's Due Process Clause guarantees pretrial detainees the same degree of medical attention as the Eighth Amendment provides for inmates." <u>Myers v. Oklahoma County Bd. of County Comm'rs</u>, 151 F.3d 1313, 1320 (10th Cir. 1998). The Eighth Amendment is violated when jail officials are deliberately indifferent to an inmate's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hunt v. Uphoff</u>, 199 F.3d 1220, 1224 (10th Cir. 1999)(internal quotations and citations omitted).  To prove that jail officials were "deliberately indifferent" to an inmate's serious medical needs, the inmate must show that the officials intentionally denied,

11

delayed access to, or interfered with medical treatment. <u>Estelle</u>, 429 U.S. at 104-06.  "A prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." <u>Perkins v. Kansas Dept. of Corrections</u>, 165 F.3d 803, 811 (10th Cir. 1999).

Even accepting plaintiff's allegations as true regarding his injuries and the treatment provided, he does not state a constitutional claim of denial of medical care.  First, he does not allege facts showing that his condition was sufficiently serious.  His own exhibit shows that he did not have a broken finger.  Second, his bald claim that he was denied medical attention is refuted by his own factual allegations that he was provided pain relievers and an ice pack by Nurse McMahon.  Plaintiff's claim appears to be nothing more than his disagreement with the medical provider as to what medical care was necessary.

Moreover, plaintiff does not allege facts showing that any other defendant was involved in the decisions regarding his medical care.  It follows that he cannot recover from the other defendants based upon this claim.

### 3. <u>Isolation Without Disciplinary Hearing</u>

Plaintiff does not allege sufficient facts regarding his placements in segregation or isolation cells to state a federal constitutional violation.  He does not provide crucial information such as duration, reasons given, and other sanctions imposed.  In any event, there is no constitutional requirement that a jail inmate be given a hearing before he is transferred to a more secure

or restrictive area.  Even when an inmate is found guilty of a disciplinary infraction, he was not entitled under the Federal Due Process Clause to a disciplinary hearing unless he was sanctioned with a loss of good time.  Plaintiff does not allege that he lost good time or any other fact establishing that he was constitutionally entitled to a disciplinary hearing while at the county jail.  Nor does he allege that all named defendants were involved in these administrative decisions or describe the acts of those that were.

### 4. First Amendment Claims

Plaintiff's claim regarding his denial of a kosher diet is likewise not supported by sufficient facts to state a federal constitutional violation.  His allegations do not include dates of any actual denial of a kosher meal during the time he was authorized to receive kosher meals.  His exhibit and allegations indicating that he was purchasing non-kosher items from the commissary are sufficient to negate his claim that he required only kosher food in order to practice his sincerely held religious beliefs.  Again, not all defendants are alleged to have been involved in these decisions.

Plaintiff's claims regarding inteference with his mail are likewise not supported by sufficient facts including the content of the mailings, what defendants were involved, or even what was done to the mail.

### 5. Claims for Injunctive Relief and Proposed Order

A party seeking a preliminary injunction "must demonstrate

four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest."  RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009)(citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)).  The Tenth Circuit has plainly held that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Beltronics USA, Inc. v. Midwest Inventory  Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009)(quoting Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003))(internal quotation marks omitted).

     Mr. McCoy has not even filed a motion for a preliminary injunction.  Instead, he baldly requests this relief in his complaint, and has submitted a proposed order for a hearing on his request.  He certainly has not alleged facts establishing the four requisite factors.  The facts he does allege in his complaint do not amount to a strong showing with regard to either the likelihood of success on the merits or the balance of harms.  In any event, since Mr. McCoy is no longer detained at the Reno County Jail, any claim for injunctive relief against employees at that jail is now moot.  Plaintiff's request for preliminary injunctive relief is denied as moot and because he utterly fails to satisfy his burden of establishing those factors that are prerequisites to this court's grant of such extraordinary relief.

### 6.   <u>Misconduct Reports from Jail to EDCF</u>

Plaintiff has submitted pages on which he complains that he is being held in administrative segregation at EDCF based upon reports of his misconduct during his confinement at the Reno County Jail.  Under principles already discussed herein, the court finds that Mr. McCoy has not effectively amended his complaint to add any claims regarding conditions of his confinement at the EDCF and has not done so by simply sending in these additional papers.

Moreover, Mr. McCoy cannot challenge conditions he now faces at the EDCF and conditions he experienced in the past at the county jail in the same lawsuit.  Instead, he is required to adhere to the Federal Rules of Civil Procedure regarding joinder of parties and claims.  Briefly summarized, this means that "[u]nrelated claims against different defendants belong in different suits."  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); <u>see</u> Fed.R.Civ.P. 18(a).  Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>Id</u>.

In any event, plaintiff's classification as an "other security risk" upon his arrival at the EDCF and his being held in close security temporarily do not suggest the violation of a federal constitutional right.

For all the foregoing reasons, the court finds that plaintiff does not allege facts sufficient to state a claim of federal constitutional violation.  If he fails to allege additional

15

facts that are sufficient to state a claim in his First Amended Complaint, this action will be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court either the filing fee of $350.00 or a motion to proceed without prepayment of fees on court-approved forms that is properly supported with a certified copy of his inmate account statement for the six-month period immediately preceding the filing of this action.

**IT IS FURTHER ORDERED** that within the same thirty (30) day period plaintiff is required to file a First Amended Complaint upon court-provided forms that cures the deficiencies discussed herein.

The clerk is directed to send plaintiff § 1983 forms and IFP forms with a copy of this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

16