IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DeRON McCOY, Jr.,
        Plaintiff,

      v.                          CASE NO. 12-3051-SAC

RANDY HENDERSON, Sheriff,
Reno County Sheriff's
Department, et al.,
        Defendants.

## O R D E R

On May 24, 2012, this action was dismissed without prejudice due to plaintiff's failure to comply with screening orders of the court within the time provided.  The matter is currently before the court upon plaintiff's "Motion to Appeal decision of the court" (Doc. 7)[1] and Application to Proceed without Prepayment of Fees (Doc. 8).  Having considered these filings, the court finds as follows.

In his motion, Mr. McCoy claims that it should be granted on the grounds that he was "physically unable to follow" the court's screening Memorandum and Order dated April 23, 2012, due to prison officials holding his mail, and that his change of address was "not correctly submitted by the clerk's office."  As factual support for his motion, Mr. McCoy alleges that he was transferred from the Eldorado Correctional Facility (EDCF) to the Sedgwick County Detention Center (SCDC) on April 11, 2012,

---

[1]    **Despite its title, the court treats this motion as one for reconsideration rather than a motion to appeal because plaintiff asks for additional time "to cure the deficiencies ordered by the court."**

and that the court's order was received by the mailroom at the
EDCF on April 25, 2012, and "held there until May 26, 2012,"
which was past time to comply with the order.  Plaintiff further
alleges that on May 7, 2012, after he received an indigent
envelope he "put in a change of address" and "requested two in
forma pauperis applications."  He states that this
"correspondence" was received by this court on May 10, 2012.

Court records show that on April 23, 2012, this court
entered a Memorandum and Order granting plaintiff 30 days in
which to satisfy the filing fee by paying it in full or
submitting a properly-supported motion to proceed without
prepayment of fees and to submit a "First Amended Complaint"
upon court-provided forms that cured the deficiencies set forth
therein.  Plaintiff was forewarned that his failure to comply
within the time allotted could result in dismissal of this
action without further notice.  The order and forms were mailed
to plaintiff at the only address he had provided.  Court records
also reflect that nothing was received from plaintiff that was
designated for filing under this case number until June 15,
2012, which was after this case had already been dismissed.  Mr.
McCoy failed to meet his obligation to immediately notify the
court of his change of address.  He is no stranger to this
court, and has previously received the court's printed

instructions notifying him that court rules "include KEEPING THE COURT INFORMED OF YOUR CURRENT ADDRESS."[2]

After checking the correspondence file maintained by the clerk's office, the court has discovered that on May 10, 2012, the Clerk of the Court received a letter from Mr. McCoy that referenced his two cases and stated he was "currently in the Sedgwick County Jail." The purpose of this letter appeared to be to request forms. No case caption was on the top of the first page of this correspondence. Nor was it clearly designated as a notification of a change of address to be filed in either case. Mr. McCoy thus failed to effectively notify the court of his change of address in a timely manner. It also appears that he made no inquiry about his case during the crucial time frame. *See Nixon v. Brooks*, 242 F.3d 389 (10th Cir. Dec. 27, 2000)(Table)(denying 60(b) motion for relief from judgment dismissing action without prejudice where plaintiff asserted he never received the court's order, though court had mailed the order to the address plaintiff had given). The time in which plaintiff was required to comply expired, and the action was dismissed for the legitimate reason that he did not

---

[2]     Plaintiff's attention is also directed to instructions notifying him that correspondence to the clerk is not the appropriate method for seeking court action, and any request for action must be in the form of a motion with the case caption and number on the first page. Plaintiff is additionally informed that he must submit a separate motion that refers to only one case number for filing in each of his cases, and may not submit a single motion to be filed in multiple cases.

comply with the court's orders within the prescribed time or seek a timely extension.

The Tenth Circuit Court of Appeals has discussed "self-styled" motions to reconsider as follows:

> A motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within (28) days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than (28) days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).

Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).[3] Accordingly, plaintiff's motion is treated as one under Rule 59(e).

Relief under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(citations omitted); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990); Amoco Oil Co. v. U.S.E.P.A., 231 F.3d 694, 697 (10th Cir. 2000). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

---

[3]     The Tenth Circuit further explained that the "distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not." Id. at *2.

"A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006)(citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)) *aff'd*, 260 Fed.Appx. 98 (10th Cir. 2008).

Mr. McCoy does not allege a change in the law, new evidence, clear error on the part of the court, or the need to prevent manifest injustice. Instead, he asserts that he was not provided adequate notice and opportunity to comply with the court's screening order and deadlines. Plaintiff's allegations do not demonstrate the existence of any extraordinary circumstances that would justify a decision to alter or amend the judgment dismissing this action.

Nevertheless, the court is inclined to grant this motion for the reason that Mr. McCoy made an attempt to notify the court of his change of address that was not recorded in this case.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Relief from Judgment (Doc. 7) is granted, and this matter is reopened.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 8) is granted based upon his affidavit that he has no funds and his exhibit indicating that the Sedgwick County Detention Center refused to provide a certified copy of his inmate account transactions.

**IT IS FURTHER ORDERED** that plaintiff is hereby assessed the full filing fee for this action of $350.00, and that the finance officer of the facility where plaintiff is currently incarcerated is directed to collect from plaintiff's inmate account and pay to the clerk of this court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IS IT FURTHER ORDERED** that the time in which plaintiff is required to respond to the court's Memorandum and Order entered on April 23, 2012, is hereby extended to and including September 15, 2012.[4]

---

[4]     **Plaintiff has complied with that portion of the court's screening order that required him to satisfy the filing fee prerequisite by**

The clerk is directed to send plaintiff another set of §
1983 complaint forms to be used by Mr. McCoy to file his
"Amended Complaint," and to send copies of this Order to
plaintiff and to the court finance office as well as the finance
officer at the Sedgwick County Detention Center.

**IT IS SO ORDERED.**

**Dated this 14th day of August, 2012, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**

---

**filing a proper motion.   He is required to comply with the remainder
of the court's Memorandum and Order within the extended time, or this
action may be dismissed without further notice.**