IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DERON McCOY,

                    **Plaintiff,**

          v.                           CASE NO. 12-3051-SAC

RANDY HENDERSON,
et al.,

                    **Defendants.**

**MEMORANDUM AND ORDER**

This action was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined at the Lansing Correctional Facility, Lansing, Kansas. The court screened the original complaint and issued an order requiring plaintiff to file an Amended Complaint that cured the deficiencies discussed in the order. This matter is now before the court upon plaintiff's First Amended Complaint (Doc. 13). The court is required by statute to screen the Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**ALLEGATIONS AND CLAIMS**

Plaintiff's claims arose during his pretrial detention

1

at the Reno County Jail (RCJ), which was from March 22, 2011, to March 6, 2012. Plaintiff names as defendants the following jail employees: Captain Larry Dyer, Deputy Sergeant Donald Beiard, Deputy Annie Bearg, Deputy Daniel McKuey, Deputy Megan Hiedari, and Dietician Debbie Gibson.

As Count I of his Amended Complaint, Mr. McCoy claims that his First Amendment rights were violated under two different sets of facts. Under the first set of facts, he claims that his right to practice his religion as well as his rights under the Religious Land Use and Institutionalized Person Act (RLUIPA) were violated when defendant Gibson and defendant Dyer improperly denied him Kosher meals. He alleges the following facts in support. On October 29, 2011, he requested Kosher meals, and his request was granted. On October 30 and 31 and November 1, 2011, defendant Gibson sent him meals that "had non-Kosher meats or food items" and "were not kosherly prepared" and ordered him "to eat the meal provided or not at all." On November 2 plaintiff submitted a grievance on the matter, and defendant Dyer responded that he was "taking (McCoy) off Kosher meals" because he had ordered non-Kosher food items from the commissary in June 2011.

Under a different set of facts, plaintiff claims that his First Amendment rights were violated in that his incoming mail was withheld by defendant Hiedari. In support, he alleges

2

as follows. On April 15, April 23, and October 6, 2011, his incoming mail was neither given to him nor returned to its sender, he was not notified of its withholding, and he was not provided a written reason for the withholding or informed as to his mail's disposition.[1]

As Count II, plaintiff claims his Eighth Amendment rights were violated based on two separate sets of circumstances. First, he claims that "defendants" subjected him to inhumane conditions in his cell at the RCJ. As facts in support, he alleges as follows. He was placed in a cramped 9 x 13 cell with 3 other inmates. The cell had no natural light, had black mold on the ceiling, and he was not given cleaner for the mold or recreation outside his cell. On March 30, 2011 the toilets and sinks backed up and spewed feces into his cell, he was unable to reach and clean a catwalk area adjacent to the cell where feces remained and smelled, and back-ups recurred about every week thereafter. He was exposed to 100-degree temperatures in May through August 2011 and temperatures in the lower 50's in October 2011 through February 2012. His cell had no fan, ventilation or heating apparatus; and he was not provided adequate clothing or bedding for the cold.

As his second Eighth Amendment claim, plaintiff alleges

---

[1] In his original complaint, Mr. McCoy alleged that this mail was placed in his inmate property without notification and that he only became aware of

3

that defendant Bieard and defendant Bearg denied him access to medical treatment by a nurse or doctor for injuries he sustained in an assault by another inmate. In support, he alleges that on February 17, 2012, he was placed in a segregation cell and given an ice pack and over-the-counter medication; and that on February 22, 2012, he was taken to a medical clinic, diagnosed with a dislocated finger, and provided x-rays and treatment.

As Count III, plaintiff claims that he was denied due process. As factual support, he alleges that on May 23, 2011, defendant McKuey placed him in disciplinary segregation for 30 days without a report, hearing, or reason, and sanctioned him by taking his commissary items worth $20 and personal mail he had retained in his cell.

Plaintiff seeks compensatory and punitive damages as well as costs.

## DISCUSSION

### I. DISMISSAL OF DEFENDANTS NOT NAMED IN AMENDED COMPLAINT

Plaintiff named several defendants in his original complaint that are not named in his Amended Complaint: Randy Henderson, Sheldon Stewart, Linda McMahon, Daniel Nuest, Josh Scott, and Anthony Carder. This action is dismissed as against all these defendants.

## II. COMPENSATORY DAMAGES CLAIM BARRED BY 42 U.S.C. 1997e(e)

In his original complaint, Mr. McCoy sought injunctive relief as well as damages. His claim for injunctive relief became moot upon his subsequent transfer out of the RCJ. In his Amended Complaint, he seeks compensatory and punitive damages only. Federal law prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) . . . provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*. In *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002), the Tenth Circuit specifically held that the "Limitation on Recovery" set forth in § 1997e(e) applied to a First Amendment claim that prison officials denied the plaintiff a Kosher diet and to claims for actual or compensatory damages. *Id.* at 879, 881; *see also Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir.), *cert. denied*, 133 S.Ct. 359 (2012); *Nasious v. Robinson*, 2010 WL 1268135, *8, n.6 (D.Colo. Feb. 17, 2010, unpublished), aff'd in part dismissed in part, 396 Fed.Appx. 526 (10th Cir. 2010)(unpublished).[2]

---

[2] Unpublished opinions are not cited herein as binding precedent, but for

This limitation on recovery applies to claims under RLUIPA as well under the First Amendment free exercise clause. *Sossaman v. Texas*, ___U.S.___, 131 S.Ct. 1651 (2011)(States did not waive their Eleventh Amendment sovereign immunity to suits for money damages under the RLUIPA, and as a consequence money damages are not available as a private remedy for violations of RLUIPA or against defendants in their official capacities.); *Stewart v. Beach*, 701 F.3d 1322, 1333-35 (10th Cir. 2012)(There is no cause of action under RLUIPA against defendants in their individual capacities).

With the possible exception of plaintiff's denial of medical treatment claim, which is deficient in other respects, Mr. McCoy has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. *Murray v. Edwards County Sheriff's Dept.*, 248 Fed.Appx. 993, 995 (10th Cir. 2007)(unpublished) *cert. denied*, 553 U.S. 1035 (2008)(affirming dismissal under § 1997e(e) of similar claims regarding jail conditions without allegation of physical injury). The court concludes that plaintiff's claim for compensatory damages is barred by § 1997e(e).

## III. FAILURE TO STATE FACTS TO SUPPORT CLAIM FOR PUNITIVE DAMAGES

---

persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

Plaintiff also requests relief in the form of punitive damages. However, punitive damages are awarded under § 1983 "only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Ciempa v. Jones*, 745 F.Supp.2d 1171, 1201 (N.D. Okla. 2010), aff'd*,* 477 Fed.Appx. 508 (10th Cir. 2012); *Nasious*, 2010 WL 1268135 at *8, n.6 (citations omitted)); *see also Patel v. Wooten*, 264 Fed.Appx. 755, 760 (10th Cir. 2008)(unpublished)(In the First Amendment context, prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages.")). Here, Mr. McCoy describes no act on the part of either person alleged to have participated in the denial of his religious meals indicating that he or she acted with evil motive or reckless indifference to plaintiff's federally protected rights. Accordingly, plaintiff's claim for punitive damages is dismissed for failure to state sufficient facts upon which relief may be granted.

**IV. FAILURE TO STATE FACTS TO SUPPORT A FEDERAL CONSTITUTIONAL VIOLATION**

The court further finds that plaintiff has failed to

present additional facts in his Amended Complaint sufficient to support most, if not all, of his claims of federal constitutional violations. The court briefly discusses plaintiff's claims and the deficiencies that were not cured.

**A. *Count I – Denial of First Amendment Free-Exercise Rights***

Plaintiff cured one deficiency in this claim by providing the dates on which he was denied kosher meals. However, he does not refute that he purchased non-kosher items from the commissary and his authority to receive kosher meals was revoked on this basis. He argues in his Amended Complaint that the purchases were too remote from the revocation of his privileges. He does not support this argument with facts regarding his initial request for kosher meals or otherwise show that this administrative decision was unfounded or improperly motivated. In any event, as noted, plaintiff no longer can or does seek injunctive relief for kosher meals at the jail, and his claims for damages based upon these facts are barred and without factual support. Thus, even if the court found a plausible constitutional violation on the facts alleged, Mr. McCoy would not be entitled to the requested relief.

**B. *Count I – First Amendment Withholding of Mail***

Plaintiff was informed in the court's prior screening order that his claim that his mail was withheld on three days was not supported by sufficient facts to show a constitutional violation. Isolated incidents of mail interference "without any evidence of improper motive or resulting interference with . . . the right to counsel or access to the courts, do[] not give rise to a constitutional violation." *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990). In his Amended Complaint, he again fails to reveal the contents of this mail. He also fails to allege facts showing improper motive, and fails to describe any resulting harm of a constitutional magnitude such as a denial of access to the courts. Consequently, the court finds that plaintiff's allegations regarding the withholding of his mail remain insufficient to state a plausible claim under § 1983.

### C. *Count II – Inhumane Cell Conditions*

Even though plaintiff provided some additional facts in his Amended Complaint to support his claim of inhumane jail conditions, the court finds that he still fails to allege enough facts to state a plausible Eight Amendment violation. Plaintiff was notified in the court's screening order "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; (and) how the defendant's action harmed him . . . ."

9

*Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). He was also notified that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Despite these holdings, plaintiff fails in his Amended Complaint to describe the acts of each named defendant showing that he or she caused the alleged jail conditions. Mr. McCoy's general allegation that "defendants" subjected him to the challenged conditions is not sufficient to demonstrate personal participation on the part of each defendant or to provide adequate notice of his claims against each defendant.

In addition, plaintiff has again failed to allege the crucial element of the actual duration of the harsher conditions like the presence of odor from fecal matter and his exposure to extreme temperatures. He provides a general time frame but not the duration of each condition. His allegation that no vent or heating apparatus was located within his cell does not establish that this space was inadequately heated. As previously noted, Mr. McCoy's own allegations indicated that he was provided clothing, a blanket, and hot showers, and that a heating problem was solved. Triple-celling, standing alone, does not rise to the level of a constitutional violation; and plaintiff has not alleged that he was unable to exercise in his cell. Plaintiff's

amended allegations do not show that any named jail official failed to provide him with "adequate food, clothing, or shelter." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). Thus, he still fails to show that conditions at the RCJ were "sufficiently serious so as to deprive him of the minimal civilized measure of life's necessities" or that they presented a "substantial risk" of harm to him. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Furthermore, plaintiff has alleged no facts whatsoever to satisfy the objective component of his conditions claim. He does not allege facts showing that any defendant knew of and disregarded an excessive risk to plaintiff's personal health or safety. *Aston v. Cunningham,* 216 F.3d 1086 (10th Cir. 2000)(Table).

Finally, the court previously noted that plaintiff alleged no facts showing he was harmed by the challenged conditions, and he has not cured this deficiency. See *Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996); *Marsh v. Corrections Corp. of America*, 134 F.3d 383, *2 (10th Cir. 1998)(unpublished)(upholding summary judgment where "plaintiff failed to present evidence establishing that she suffered a serious harm" from the alleged deprivation). In any event, plaintiff is no longer subject to conditions at the RCJ, his claim for damages based on these conditions is barred, and he

11

has stated no facts to support his claim for punitive damages.

### D. *Count II – Denial of Medical Attention*

In the screening order, the court notified plaintiff that a "prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). The court then found that plaintiff's bald allegation that he was denied medical attention was refuted by his own factual allegations that he was provided pain relievers and an ice pack by Nurse McMahon" and that his claim "appeared to be nothing more than his disagreement with the medical provider as to what medical care was necessary." Plaintiff's allegations in his Amended Complaint, rather than curing these deficiencies, confirm that this claim amounts to nothing more than his mere disagreement with treatment provided at the jail and a four-day delay in treatment for a dislocated finger. Plaintiff has not alleged substantial harm from the delay or any additional facts sufficient to state an Eighth Amendment claim of denial of medical treatment.

### E. *Count III – Denial of Due Process*

With regard to this claim, plaintiff was informed in the screening order that that the Constitution does not require a

hearing before a jail inmate is transferred to a more restrictive area or sanctions are imposed that do not include forfeiture of good time. He has not responded with additional facts in his Amended Complaint that are sufficient to state a federal due process violation, such as that good time was forfeited. Plaintiff's allegations that his commissary items were taken are likewise insufficient to state a claim under § 1983. "[A]n unauthorized intentional deprivation of property" by jail officials does not violate the Due Process Clause "if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 6533 (1984). Plaintiff's own allegations indicate an administrative remedy process was available at the jail, and Kansas statutes provide tort remedies for loss of property. For these reasons, plaintiff's allegations fail to state a federal due process violation.

### V. IMPROPER JOINDER OF CLAIMS AND PARTIES

In screening the original complaint, the court repeatedly pointed out that not all defendants were alleged to have been involved in each of plaintiff's claims and that plaintiff's multiple claims appeared to arise from unrelated circumstances. Plaintiff was reminded that he was required to adhere to the Federal Rules of Civil Procedure regarding proper joinder of claims and parties. Despite these admonitions,

13

plaintiff's Amended Complaint sets forth the same array of unrelated claims that are still alleged to have involved different defendants. Mr. McCoy has made no effort to show that the several parties and claims in his Amended Complaint are properly joined. Nor has he omitted improperly joined claims or parties from his Amended Complaint. Thus, this defect remains throughout his complaint. Plaintiff is not prevented from litigating improperly-joined claims. However, in order to pursue claims that may not be properly joined, he must present them in separately-filed lawsuits.

In sum, the court concludes that plaintiff is not entitled to the damages he seeks, and that plaintiff has failed to allege sufficient facts to state a claim of federal constitutional violation.

The court has considered plaintiff's Motion to Appoint Counsel (Doc. 12). There is no right to appointment of counsel in a civil action, this action is not shown to have merit, and plaintiff is capable of presenting his claims. In any event, this motion is now moot.

The court has considered plaintiff's Motion for Status Hearing (Doc. 17) and finds that it is moot due to this order of dismissal.

**IT IS THEREFORE BY THE COURT ORDERED that** this action is dismissed and all relief is denied, without prejudice, on

account of plaintiff's failure to state sufficient facts to support a federal constitutional violation against the named defendants, failure to state a constitutional claim of denial of medical treatment, failure to allege physical injury to support claim a for compensatory damages, failure to allege facts to support a claim for punitive damages, and due to his failure to cure the improper joinder of numerous claims and parties.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 12) and Motion for Status Hearing (Doc. 17) are denied.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge